IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY STANKO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SMITH, KING, SIMMONS, & CONN LAW FIRM; MICHAEL SMITH; DENNIS KING, Individually, and in Official Capacity as Deputy County Attorney; JAMINE SIMMONS, Individually, and in Official Capacity as Deputy County Attorney and Attorney for City of Gordon; and AARON CONN, Individually and in Official Capacity as Sheridan County Attorney,<br><br>　　　　　Defendants. | 7:20CV5005<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　This matter is before the court on Plaintiff's motion for recusal (Filing 5) and motions for issuance of summonses (Filings 2 and 6). These motions will be denied.

<u>Motion for Recusal</u>

　　　In Filing 5, Plaintiff requests that I recuse myself for alleged prejudice and bias, based on decisions I rendered over a decade ago in *Stanko v. Patton*, Case No. 8:06cv290. As required by the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915A, I conducted an initial review of the complaint in that action and, in a Memorandum and Order entered on April 3, 2006, determined that the action should be dismissed without prejudice because Plaintiff's claims were frivolous and he had failed to exhaust his administrative remedies. Plaintiff successfully appealed that ruling. *See Stanko v. Patton*, 228 F. App'x 623, 624 (8th Cir. 2007). On remand, however, the case was dismissed with prejudice when I granted the defendants' motions for

summary judgment; the Eighth Circuit then summarily affirmed my judgment on appeal. *See Stanko v. Patton*, 568 F. Supp. 2d 1061, 1079 (D. Neb. 2008), *aff'd,* 357 F. App'x 738 (8th Cir. 2009), *cert. denied*, 560 U.S. 956 (2010).

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C.A. § 144 (Westlaw 2020). "[T]he plain text of § 144 mandates only that a district court judge ensure that another judge is assigned to any case in which a litigant has sufficiently alleged bias or prejudice, not that the recusal decision itself be rendered by a judge other than the judge to whom the motion is addressed." *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017).

"Relief under section 144 is expressly conditioned on the timely filing of a legally sufficient affidavit." *Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992) (quoting *United States v. Faul,* 748 F.2d 1204, 1210 (8th Cir.1984)); *see United States v. Johnson*, 827 F.3d 740, 746 (8th Cir. 2016) (a legally sufficient affidavit is required to disqualify a judge from hearing a case). Because Plaintiff has not filed a legally sufficient affidavit—or, for that matter, any form of affidavit—he is not entitled to any relief under 28 U.S.C. § 144.

Alternatively, a recusal motion may be considered under 28 U.S.C. § 455, which provides, *inter alia*, that a judge shall disqualify himself where "he has a personal bias or prejudice concerning a party." 28 U.S.C.A. § 455(b)(1) (Westlaw 2020). Thus considered, I find Plaintiff's motion is without merit.

"Under both sections 144 and 455, the moving party is required to show personal bias or prejudice on the part of the presiding judge." *United States v. Jones*, 801 F.2d 304, 312 (8th Cir. 1986). "To be disqualifying, the judge's bias or prejudice must stem from an extrajudicial source." *Id.*; *Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989) ("[T]here is no basis for disqualification absent a showing of personal bias or prejudice arising from an extrajudicial source."). That is to say, "personal bias or prejudice" does not include opinions held by judges acquired in

the course of the proceedings, nor does it include opinions held as a result of what judges learned in earlier proceedings. *See Liteky v. United States*, 510 U.S. 540, 551 (1994). "Moreover, a party is not entitled to recusal merely because a judge is 'exceedingly ill disposed' toward them, where the judge's 'knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings ....'" *In re Steward*, 828 F.3d 672, 682 (8th Cir. 2016) (quoting *Liteky*, 510 U.S. at 551). "Judicial rulings rarely establish a valid basis for recusal." *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013). "Here, [Plaintiff's] accusations are premised entirely on unfavorable rulings in previous litigation, which are neither extrajudicial, nor indicative of bias." *Buttercase v. Frakes*, No. 8:18-CV-131, 2019 WL 2513678, at *1 (D. Neb. June 18, 2019).

## Motions for Issuance of Summonses

Plaintiff filed a praecipe for issuance of summonses contemporaneously with the filing of his complaint on July 23, 2020, which the clerk docketed as a motion for summons. (Filing 2.) This filing was followed on August 24, 2020, with a motion requesting that the clerk of the court be ordered to issue summonses immediately for service on Defendants. Alternatively, Plaintiff requests in the latter motion that his $400.00 payment for filing and administrative fees be refunded. (Filing 5.) These requests for issuance of summonses or a refund are not appropriate.

The Prison Litigation Reform Act (PLRA) requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a) (Westlaw 2020). This is such a case.

The court must review the prisoner's complaint to determine if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915A(b). The court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 657-59 (8th Cir.

3

1998) (rejecting argument that 28 U.S.C. § 1915(e)(2)(B)(ii)[1] is unconstitutional because it authorizes preservice dismissal of indigent prisoners' claims without leave to amend); *see Lasher v. Nebraska State Bd. of Pharmacy*, 749 F. App'x 494, 495 (8th Cir. 2019) ("[T]he district court did not violate [the in forma pauperis plaintiff's] rights by dismissing her complaint preservice or by not sua sponte granting her leave to amend her complaint."), *cert. dismissed*, 140 S. Ct. 1244 (2020); *Love v. Andrews*, 8 F. App'x 602, 603 (8th Cir. 2001) ("[The prisoner plaintiff] argues the district court erred when it dismissed his complaint without issuing a summons and allowing him to amend his complaint after he had paid the initial partial filing fee. However, the district court may at any time dismiss a case for failure to state a claim, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid" *see* 28 U.S.C. § 1915(e)(2), and need not allow a prisoner to amend his complaint prior to dismissal, …."); *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001) ("28 U.S.C. § 1915(e)(2)(B)(ii) … allows a court to dismiss, prior to service of process and without leave to amend, an IFP action … if it fails to state a claim on which relief may be granted."); *see also Carr v. Brill*, 187 F. App'x 902, 904 (10th Cir. 2006) ("[T]he district court is not required to serve the defendants before reviewing and, in appropriate cases, dismissing *sua sponte* a prisoner's complaint. (citing *Christiansen*)); *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in *in forma pauperis* prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b)." (citation omitted)).

Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914, and are part of the costs of litigation. *See Green v. Bank of America*, No. 2:12-cv-02093-GED-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41(a)). "Nothing in the statute, or any other statute, provides for the refund of a filing fee for any reason." *Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan*, No. 3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D. Or. Oct. 17,

---

[1] This provision of the PLRA applies to in forma pauperis (IFP) complaints, but the grounds for dismissal are identical to those stated in 28 U.S.C. § 1915A(b).

2018). "To the contrary, numerous courts have discussed that a district court lacks the authority to refund a filing fee after a voluntary dismissal." *Id.* (collecting cases); *see Ball v. Goldfar*, 19-CV-0908, 2020 WL 474448, at *2, n.2 (N.D.N.Y. Jan. 28, 2020) ("The law is well-settled that once payment of the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action." ).

It is also well-established in this circuit that "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (refusing to consider petition for writ of mandamus filed by prisoner who was not eligible for installment payments under 28 U.S.C. § 1915(b), directing court clerk to dismiss petition with prejudice if filing fee was not paid in full within 15 days, and holding that prisoner would still be assessed full filing fee even if petition was dismissed). "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for recusal (Filing 5) is denied in all respects.

2. Plaintiff's motions for issuance of summonses (Filings 2 and 6) are denied in all respects.

3. The court in its normal course of business will conduct an initial review of Plaintiff's complaint (Filing 1) pursuant to 28 U.S.C. § 1915A.

Dated this 23rd day of September, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

5