IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY STANKO,<br><br>    Plaintiff,<br><br>  vs.<br><br>SMITH, KING, SIMMONS, & CONN LAW FIRM; MICHAEL SMITH; DENNIS KING, Individually, and in Official Capacity as Deputy County Attorney; JAMINE SIMMONS, Individually, and in Official Capacity as Deputy County Attorney and Attorney for City of Gordon; and AARON CONN, Individually and in Official Capacity as Sheridan County Attorney,<br><br>    Defendants. | 7:20CV5005<br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff Rudy Stanko brings this 42 U.S.C. § 1983 and state-law action as a result of events leading up to his incarceration. The court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

  Plaintiff sues a Nebraska law firm and its members for "malpractice, and constitutional/civil rights violations of malicious prosecution, conflict-of-interest, and vindictive and selective prosecutions." Plaintiff alleges that after legally representing Plaintiff and his family since 1971, members of the law firm, beginning in 2012, "ratted and snitched-out the non-violent Plaintiff to the feds for possession of hunting guns" and, in their dual roles as private attorneys and deputy county attorneys, prosecuted him for disturbing the peace and third-degree assault for "protecting . . . his property"—

property Plaintiff had previously purchased with the legal help of the law firm.[1] (Filing 7.) The crux of Plaintiff's claims is this:

> the Law firm was/are attorneys for the plaintiff, his businesses, his father, his mother, his only brother, and the estates of his deceased father and brother. By becoming adversarial prosecutors using the charging powers of the country [sic] attorney's office under color of state law to prosecute the Plaintiff, because the Plaintiff has openly and publicly charged the founder Mike Smith as a rat and a snitch for the Federal government against the accused for his Second Amendment right to possess hunting guns violates the common law doctrines of malicious and vindictive prosecution.

(Filing 7 at CM/ECF p. 7 ¶ 6.)

As a result of such prosecutions, Plaintiff claims he has been a prisoner at three separate county jails. Plaintiff requests monetary, declaratory, and injunctive relief.

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*,

---

[1] Specifically, Plaintiff alleges: "The Law firm and all partners are guilty of malpractice of their client Rudy Stanko by guaranteeing ownership for the entry road . . . and now are prosecuting their client for protecting his and/or this property." (Filing 7 ¶ 43.)

2

556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Defendants Smith, King, Simmons, and Conn

Plaintiff seeks relief against law firm members who acted as Plaintiff's private counsel, but later, in their capacity as county attorneys, prosecuted him for various criminal offenses.[2] Liberally construed, Plaintiff's official-capacity claims against these acting county attorneys are actually claims against the county itself. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To state a plausible claim against a county, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

---

[2] See Filing 7 at CM/ECF ¶ 9 (Michael Smith prosecuted Brenda Berg and "visited the Plaintiff in prison as a prosecutor"), ¶¶ 24-25 ("Dennis King is paid as a deputy county attorney" and is a partner at the law firm), ¶¶ 27-28 ("Jamine Simmons was paid as a chief deputy county attorney" and is a partner at the law firm), ¶¶ 20, 32 (Aaron Conn is employed as the Dawson County Deputy Attorney and is a partner at the law firm), ¶ 50 ("All the above defendants are either the County Attorney or deputy County Attorneys during the last twenty years and have received County funds for their titles.").

A county may only be liable under § 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by a county's attorneys; rather, there were two criminal prosecutions of Plaintiff in since 2012.[3] Plaintiff also fails to allege facts

---

[3] Plaintiff alleges (and the Nebraska JUSTICE database of state-court cases confirms) that Defendant Conn prosecuted him in CR19-285 (County Court of Sheridan County), resulting in fines and sentences for third-degree assault and disturbing the peace. Plaintiff also alleges that Defendant King prosecuted him in CR20-39, but the JUSTICE database does not list such a case involving Plaintiff in Sheridan, Dawson, or Scottsbluff Counties, which are the counties mentioned in Plaintiff's Complaint. Two prosecutions in eight years initiated by the Defendants who were acting as county attorneys while also being members of the Defendant Law Firm is not a "practice [that] is so widespread as to have the force of law." *Bd. of Cty. Comm'rs of Bryan Cty., Okla v. Brown*, 520 U.S. 397, 404 (1997); *Brewington v. Keener*, 902 F.3d 796, 802 (8th Cir.

indicating that county policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against any county. Accordingly, Plaintiff's claims against the acting county attorneys in their official capacities must be dismissed. *See Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015) (claims against county attorneys in their official capacities were actually claims against county that employed them).

Additionally, the acting county attorneys in their individual capacities are entitled to absolute prosecutorial immunity. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id*. "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). *See also Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) ("A *Bivens* (or § 1983) action for retaliatory prosecution will not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute." (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976))).

---

2018) (two incidents of excessive force by sheriff's deputies "cannot be considered a pattern of widespread and pervasive unconstitutional conduct" when municipal policy existed prohibiting excessive force) (citing cases); *Burbridge v. City of St. Louis, Missouri*, 430 F. Supp. 3d 595, 620-21 (E.D. Mo. 2019) ("two or three incidents, occurring nearly a year apart and two years before any of the events at issue in this case, do not constitute a continuing, widespread, persistent pattern" for purposes of establishing a custom of unconstitutional conduct (internal quotation marks and citation omitted)).

5

Here, Plaintiff does not allege any acts by Defendants that would fall outside the scope of their prosecutorial functions. Accordingly, the court will dismiss Plaintiff's claims against Defendants Smith, King, Simmons, and Conn in their individual capacities because they are immune from suit. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Absolute immunity . . . is not defeated by allegations of malice, vindictiveness, or self-interest, and applies even if the prosecutor's steps to initiate a prosecution are patently improper. Allegations of unethical conduct and improper motive in the performance of prosecutorial functions do not defeat the protection of absolute immunity." (internal quotation marks and citations omitted)).

**B. The Law Firm**

The Smith, King, Simmons, and Conn Law Firm as an entity is not a "state actor" within the meaning of 42 U.S.C. § 1983. *Williams v. Raynor Rensch & Pfieffer*, No. 8:11-CV-446, 2015 WL 2127095, at *9 (D. Neb. May 6, 2015), *aff'd sub nom. Williams v. Raynor*, 669 F. App'x 340 (8th Cir. 2016) ("private counsel are not state actors (and as such, neither is their firm)"); *Whitson v. Metro. St. Louis Sewer Dist.*, No. 4:11CV2217, 2011 WL 13189843, at *1 (E.D. Mo. Dec. 27, 2011), *aff'd,* 470 F. App'x 525 (8th Cir. 2012) (law firm not state actor for purposes of 42 U.S.C. § 1983); *Gray v. Stenger*, No. 4:10-CV-46-TIA, 2010 WL 427768, at *2 (E.D. Mo. Feb. 1, 2010) ("the law firm of Klar, Izsak & Stenger is not a state actor, and therefore, is not subject to suit under § 1983"). Therefore, Plaintiff's section 1983 claims against the law firm as an entity will be dismissed for failure to state a claim upon which relief can be granted.

**C. State-Law Claims**

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims should be dismissed as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Gibson v. Weber,* 431 F.3d 339, 342 (8th Cir. 2005) (Congress has unambiguously granted district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state-law claims when all federal claims have been dismissed).

6

Accordingly,

IT IS ORDERED:

1. Plaintiff's claims against Defendants King, Simmons, and Conn in their official and individual capacities and against the Smith, King, Simmons, and Conn Law Firm as an entity are dismissed without prejudice for failure to state a claim upon which relief may be granted;

2. Because Plaintiff's federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3), and such claims are dismissed without prejudice; and

3. Judgment shall be entered by separate document.

DATED this 10th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge